UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES MOORE,

    Plaintiff,

v.

KEARA MUZZIN et al.,

    Defendants.

Case No. 25-11122
Honorable Laurie J. Michelson
Magistrate Judge Elizabeth Stafford

_____

**OPINION AND ORDER OVERRULING OBJECTIONS [26], ADOPTING REPORT AND RECOMMENDATION [25], AND DENYING DEFENDANTS' MOTION TO SEVER [18]**

_____

Charles Moore, currently incarcerated at Parnall Correctional Facility, filed this *pro se* lawsuit pursuant to 42. U.S.C. § 1983, alleging that several Michigan Department of Corrections employees violated his First Amendment and due process rights by interfering with his legal mail and retaliating against him for filing grievances. (ECF No. 1.)

All pre-trial matters were referred to Magistrate Judge Elizabeth A. Stafford. (ECF No. 19.) Defendants filed a motion to sever and dismiss unrelated claims. (ECF No. 18.) Before the Court is Judge Stafford's Report and Recommendation to *sua sponte* dismiss certain claims pursuant to 28 U.S.C. § 1915(e)(2)(B).[1] Judge Stafford also recommends denying Defendants' motion to sever (ECF No. 18) because the

_____

[1] Because Moore is proceeding without prepayment of the filing fee under 28 U.S.C. § 1915(a)(1), portions of the complaint that fail to state a plausible claim for relief may be dismissed at any time. *See* § 1915(e)(2)(B).

remaining claims—interference with legal mail claim against Defendants Norder, Muzzin, and Taggett, and the corresponding due process claim—are sufficiently related to proceed together. (ECF No. 25, PageID.123–124.) Moore filed an objection to the recommendation that his First Amendment retaliation claim against Defendant Cobb. For the reasons below, the Court overrules Moore's objection and adopts Judge Stafford's Report and Recommendation in full.

## I.

First, a summary of Moore's claims.

In Count 1 of the complaint, Moore alleges that MDOC employees Muzzin, Taggett, Norder, Madery, and Bartell opened his legal mail without his consent. (ECF No. 1.) In particular, he says the mailroom clerks did not consider letters from the "Attorney Grievance Commission" regarding his complaints against counsel in a criminal case to qualify as legal mail. (*Id.* at PageID.8.) He also says Defendants Muzzin and Tagget confiscated Moore's legal mail from Attorney Franchella Washington. (*Id.* at PageID.10.) This conduct, he believes, violated his First Amendment right to receive and send legal mail without censorship. (*Id.* at PageID.11–12.)

Relatedly, Count 3 of the complaint states that this interference with his legal mail by these Defendants constitutes a due process violation. (*Id.*  PageID.14.)

In Count 2 of the complaint, Moore alleges First Amendment retaliation. (*Id.* at PageID.13.) He claims that the grievance coordinator, Cobb, threatened that if Moore continued to file grievances, they would be rejected.  (*Id.* at PageID.6.) He also

says that mailroom clerks Norder, Madery, and Bartell retaliated against him for filing grievances and "threatened to contact Cobb." (*Id.* at PageID.8–9.)

Along with his complaint, Moore filed an application to proceed without prepaying filing fees or costs (ECF No. 2), which Chief Magistrate Judge David. R Grand granted (ECF No. 4.) When a Court grants an application to proceed under 28 U.S.C. § 1915, it has an additional responsibility: screen the complaint and decide whether it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having conducted this screening, Judge Stafford made the following recommendations.

## II.

First, that the Court should dismiss Count II (First Amendment retaliation) as to all Defendants: Cobb, Norder, Madery, and Bartell. (ECF No. 25, PageID.126–129.) Second, that Count I (interference with legal mail in violation of the First Amendment) proceed only as to Defendant Norder for allegedly opening mail from the Attorney Grievance Commission, and as to Defendants Muzzin and Taggert for allegedly opening mail from attorney Washington. Third, that Count III proceed only as to Defendants Muzzin and Taggert for allegedly denying Moore a hearing on the confiscation of legal mail issue. (*Id.* at PageID.131.) And finally, that Defendants' motion to sever claims (ECF No. 18) be denied. (*Id.* at PageID.134–135.) Judge Stafford believes the remaining claims are sufficiently related such that they can

proceed together under Federal Rule of Civil Procedure 20(a) and need not be severed. (*Id.*)

## III.

Moore filed one objection to the Report and Recommendation. He believes that his First Amendment Retaliation claim against Cobb should proceed. (ECF No. 26, PageID.137.)

When a party objects to a magistrate judge's Report and Recommendation, a district judge reviews *de novo* those portions to which the party has objected. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). The Court has no obligation to review un-objected to issues. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012); *see also Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) ("The district court need not provide de novo review where the objections are frivolous, conclusory or general. The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." (cleaned up)).

To that end, the Court must review at least the evidence that was before the magistrate judge, then may accept, reject, or modify the findings and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981); Fed. R. Civ. P. 72(b)(3). The Court may adopt the magistrate judge's report without specifying what it reviewed. *Abousamra v. Kijakazi*, 656 F. Supp. 3d 701, 705 (E.D. Mich. 2023) ("If the court will adopt the R&R, then it may simply 'state that it engaged in a *de novo* review of the record and adopts the [R&R]' without 'stat[ing]

4

with specificity what it reviewed.'" (alterations in original) (quoting *United States v. Robinson*, 366 F. Supp. 2d 498, 505 (E.D. Mich. 2005))).

## A.

The elements of a First Amendment retaliation claim are:

(1) that [the plaintiff] was engaged in a constitutionally protected activity;

(2) that the defendant's adverse action caused the plaintiff to suffer an injury that would likely chill a person of ordinary firmness from continuing to engage in that activity; and

(3) that the adverse action was motivated at least in part as a response to the exercise of the plaintiff's constitutional rights.

*Adair v. Charter County of Wayne*, 452 F.3d 482, 492 (6th Cir. 2006).

Judge Stafford found that Moore did not adequately allege an adverse action. (ECF No. 25, PageID.126–129.) A "plausible adverse action is one that is 'capable of deterring a person of ordinary firmness' from exercising the constitutional right in question." *Id.* (citing *Reynolds-Bey v. Harris*, 428 F. App'x 493, 503 (6th Cir. 2011)). Judge Stafford concluded that Cobb's alleged threat to reject Moore's future grievances did not qualify. (ECF No. 25, PageID.127–129.)

The Court has carefully reviewed Moore's complaint (ECF No. 1), Defendants' motion to sever and dismiss unrelated claims (ECF No. 18), Moore's response (ECF No. 21), Defendants' reply (ECF No. 22), Judge Stafford's Report and Recommendation to dismiss certain claims and deny Defendants' motion to sever (ECF No. 25), Moore's objection (ECF No. 26), and all other applicable filings and law. Having conducted this *de novo* review, the Court finds that Judge Stafford's factual conclusions are reasonably correct, that she reasonably applied the correct law, and

that her legal reasoning is sound. There are no prejudicial clear errors in Judge Stafford's findings or recommendations to dismiss certain claims and to deny the motion to sever. Moore's objection fails to support a conclusion to the contrary.

Indeed, Moore's contention that the First Amendment retaliation claim against Cobb should not be dismissed is without merit. In support of his objection, Moore alleges facts outside the pleadings that were not before Judge Stafford. (ECF No. 26, PageID.137.) He says Cobb "placed a stop order" on his in-unit meals as retaliation for filing grievances. (*Id.* at PageID.138.) But, as Moore notes, this incident "occurred after Moore filed this complaint." (*Id.*) Moore also says that Cobb did not recuse himself from a disciplinary hearing despite Moore's pending complaints against him. (*Id.*) This, Moore believes, was improper and was made worse by "Cobb star[ing] at Moore with a satisfying grin on his face" during the hearing. (*Id.*) These allegations do not appear in Moore's complaint either. (*See* ECF No. 1.) Lastly, Moore says his unit officer "abandoned his post" allowing another prisoner to attack him, causing head injuries. (ECF No. 26, PageID.139.) He then says that he filed a grievance over this incident, which was "resolved[.]" (*Id.*) This allegation also does not appear in the complaint. (*See* ECF No. 1.) Nor does it explain how this constituted retaliation.

"To the extent Plaintiff attempts to allege new facts not presented to the Magistrate Judge, that is not a proper objection to the Report and Recommendation." *Shaffer v. CMDA L. Firm*, No. 26-1000, 2026 WL 1482748, at *1 (W.D. Mich. May 27, 2026); *see Bell v. Young*, No. 16-1135, 2019 WL 4727339, at *4 (N.D. Ohio Sept. 27, 2019) ("[H]e cannot offer new evidence in his objections to the Magistrate Judge's

Report and Recommendation"); *Barnett v. Louisville Metro Police Dep't*, No. 13-00032, 2014 WL 200470, at *3 (W.D. Ky. Jan. 17, 2014) ("Barnett's conspiracy allegations were not included in his complaint, and Barnett cannot effect an amendment to the complaint by including this claim for the first time in his objections to the Report and Recommendation."). Since Moore's objection rests on only allegations that did not appear in the complaint and were not before Judge Stafford, his challenge is overruled.

**B.**

With no other objections, the Court thus finds that the parties have waived this Court's review of all other sections of the report. *See United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981) ("[A] party shall file objections with the district court or else waive right to appeal."); *Thomas v. Arn*, 474 U.S. 140, 155 (1985) (holding that the Sixth Circuit's rule of procedural default does not violate either the Federal Magistrates Act or the federal Constitution); *see also Garrison*, 2012 WL 1278044, at *8 ("The Court is not obligated to review the portions of the report to which no objection was made.").

**IV.**

Accordingly, the Court OVERRULES Moore's objection to the Report and Recommendation (ECF No. 26) and ADOPTS Judge Stafford's Report and Recommendation in full (ECF No. 25).

Count II is DISMISSED against all Defendants. The interference with legal mail claim (Count I) may proceed only against Defendant Norder for allegedly

opening mail from the Attorney Grievance Commission and Defendants Muzzin and Taggert for allegedly opening mail from attorney Washington. The due process claim (Count III) may proceed only as to Defendants Muzzin and Taggert for denial of a hearing related to the mail being confiscated. Defendants Cobb, Madery, and Bartell are dismissed from the case. Lastly, Defendants' motion to sever and dismiss unrelated claims (ECF No. 18) is DENIED.

SO ORDERED.

Dated: June 23, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE