UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES MOORE,

Plaintiff,

v.

K. MUZZIN, *et al.*,

Defendants.

Case No. 25-11122
Honorable Laurie J. Michelson
Magistrate Judge Elizabeth A. Stafford

**ORDER DENYING DEFENDANTS'
MOTION TO STAY DISCOVERY
(ECF NO. 27)**

Charles Moore, a pro se prisoner proceeding in forma pauperis, sues

under 42 U.S.C. § 1983.  The Honorable Laurie J. Michelson referred this

case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).

ECF No. 19.

In November 2025, defendants moved to sever and dismiss Moore's

claims.  ECF No. 18.  Addressing the motion in April 2026, the Court

recommended sua sponte dismissing some of Moore claims and then

denying defendants' motion to sever.  ECF No. 25.  Moore objected to the

report and recommendation (R&R).  ECF No. 26.  Before Judge Michelson

1

addressed Moore's objections, defendants moved to stay discovery, noting that Moore had served them with discovery requests.  ECF No. 27. Defendants argued that discovery should be stayed pending Judge Michelson's order on the R&R and because they intend to move for summary judgment of Moore's claims on exhaustion grounds.  *Id*., PageID.148-149.

Judge Michelson has since adopted the R&R.  ECF No. 29.  But the Court has not yet issued a scheduling order, so Moore's discovery requests were premature.  *Molter v. Trinity Health St. Mary Mercy*, No. 25-11812, 2025 WL 2265449, at *1 (E.D. Mich. Aug. 7, 2025) ("[A] party must seek discovery in the ways allowed under Federal Rules of Civil Procedure 26-35 & 45, and only after a scheduling order has been entered to start the discovery period.").

Now that the R&R has been adopted, the time is ripe for the Court to issue a scheduling order.   But as noted, defendants seek to stay discovery pending their planned motion for summary judgment on exhaustion grounds.   ECF No. 27.  "Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."  *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999).  In some cases, staying discovery until a dispositive motion is

2

resolved is an "efficient way to reduce or eliminate any unnecessary usage of resources."  *Hoosier v. Liu*, No. 2:16-10688, 2016 WL 6650386, at *1 (E.D. Mich. Nov. 10, 2016) (citing *Chavous v. Dist. of Columbia Fin. Resp. and Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001)).

But here, defendants have neither moved for summary judgment on exhaustion grounds, nor explained why they did not include those grounds for dismissal in their November 2025 dispositive motion.  ECF No. 18. When defendants have unnecessarily delayed moving for summary judgment on exhaustion grounds, the Court will not further delay the start of discovery.

Thus, the Court **DENIES** defendants' motion to stay (ECF No. 27) and will issue a scheduling order now.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: July 22, 2026

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The

district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 22, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager
